IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, et al.,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP,
President of the United States, et al.,

Defendants-Appellants.

No. 26-5007

**RESPONSE OF PLAINTIFFS-APPELLEES
TO ORDER TO SHOW CAUSE**

Plaintiffs-appellees file this response to the Court's order to show cause why this appeal should not be held in abeyance pending the resolution of *National Treasury Employees Union v. Trump*, No. 25-5157; *American Foreign Service Association v. Trump*, No. 25-5184; and *Federal Education Association v. Trump*, No. 25-5303 (argued December 15, 2025). Although there are significant differences between this case and the cases argued on December 15, 2025 (the "December 15 cases"), it would nonetheless be appropriate to hold this appeal in abeyance pending the resolution of those earlier appeals.

The December 15 cases are government appeals from preliminary injunctions enjoining executive-branch agencies and officials from

1

implementing Executive Order 14251, *Exclusions From Federal Labor-Management Relations Programs*, 90 Fed. Reg. 14553 (Apr. 4, 2025), which invoked the President's statutory authority under 5 U.S.C. § 7103(b)(1) to exclude a large swath of federal agencies from the federal labor laws giving federal workers the right to join labor organizations and engage in collective bargaining through their chosen representatives. In each of the December 15 cases, the district court rejected the government's jurisdictional arguments and concluded that the plaintiffs were likely to succeed on their claim that the executive order exceeded the President's statutory authority and therefore was *ultra vires*. None of the injunctions in the December 15 cases involved the cancellation of any specific collective bargaining agreement.

This case is a government appeal from an order enjoining a single agency, the U.S. Agency for Global Media (USAGM), and officials at that agency from implementing Executive Order 14343, *Further Exclusions from the Federal Labor-Management Relations Program*, 90 Fed. Reg. 42683 (Aug. 28, 2025), which invoked 5 U.S.C. § 7103(b)(1) to exclude USAGM and several other agencies from the federal labor laws. Plaintiffs are unions that represent workers at USAGM and have advocated on behalf of those workers and themselves against policies of the present administration that hurt workers and violate the law. Much of that advocacy took the form of speech and petitioning that occurred

after the promulgation of the earlier executive order at issue in the December 15 cases but before the promulgation of Executive Order 14343. Plaintiffs here challenge not only the issuance of Executive Order 14343 by the President, but also USAGM's cancellation of Plaintiffs' collective bargaining agreements the following day. The district court granted a preliminary injunction after rejecting the government's jurisdictional arguments and concluding that plaintiffs were likely to prevail on (1) their claim that the executive order exceeded the President's statutory authority and therefore was ultra vires, *and* (2) their claim that defendants violated the First Amendment by issuing the executive order and cancelling Plaintiffs' collective bargaining agreements to retaliate against plaintiffs for their speech and petitioning.

This case raises questions of law and fact that are not at issue in the December 15 cases. The Court's decision in the December 15 cases may nonetheless provide guidance regarding the resolution of this appeal. For that reason, the parties agreed that further proceedings in the district court should await issuance of an opinion in the December 15 appeals, *see* Dkt. 39, at 1-2, and the district has stayed proceedings in this case pending a decision in those appeals. It would likewise be appropriate to hold this appeal in abeyance pending an opinion in the December 15 cases.

3

Respectfully submitted,

*/s/ John M. Pellettieri*
Abigail V. Carter
John M. Pellettieri
Lane Shadgett
J. Alexander Rowell
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W. Suite 1000
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888
acarter@bredhoff.com
jpellettieri@bredhoff.com
lshadgett@bredhoff.com
arowell@bredhoff.com

*Counsel for Plaintiffs-Appellees*


Teague P. Paterson
Matthew S. Blumin
Georgina Yeomans
American Federation of State, County, and Municipal Employees, AFL-CIO
1625 L Street NW
Washington, DC 20036
Tel: (202) 775-5900
Fax: (202) 452-0556
tpaterson@afscme.org
mblumin@afscme.org
gyeomans@afscme.org

*Counsel for Plaintiffs-Appellees American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) and AFSCME Local 1418*

4

Rushab B. Sanghvi
American Federation of Government
Employees, AFL-CIO
80 F Street NW
Washington, DC 20001
Tel: (202) 639-6426
SanghR@afge.org

*Counsel for Plaintiffs-Appellees American Federation of Government Employees (AFGE) and AFGE Local 1812*

Date: April 23, 2026

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on April 23, 2026. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *John M. Pellettieri*
John M. Pellettieri
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W. Suite 1000
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888
jpellettieri@bredhoff.com

## CERTIFICATE OF COMPLIANCE WITH LENGTH LIMITS

This response contains 548 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), and therefore complains with the length limitations in the Court's order to show cause.

/s/ *John M. Pellettieri*
John M. Pellettieri
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W. Suite 1000
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888
jpellettieri@bredhoff.com