[ORAL ARGUMENT NOT YET SCHEDULED]

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO, et al.,

        Plaintiffs-Appellees,

    v.

DONALD J. TRUMP, in his official capacity as
President of the U.S., et al.,

        Defendants-Appellants.

No. 26-5007

## GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE

On March 24, 2026, this Court ordered that "the parties show cause, within 30 days of the date of this order, why this appeal should not be held in abeyance pending the resolution of *National Treasury Employees Union v. Trump*, No. 25-5157 [(*NTEU*)]; *American Foreign Service Association v. Trump*, No. 25-5184 [(*AFSA*)]; and *Federal Education Association v. Trump*, No. 25-5303 [(*FEA*)]." The government does not oppose holding this appeal in abeyance pending this Court's decisions in those cases. Because the merits issues in this appeal largely overlap with those in the cited cases, the Court's decisions are likely to resolve many of the issues presented here.

1.    *NTEU* and *FEA*, like this case, concern challenges to an executive order issued pursuant to the Federal Service Labor-Management Relations Statute (FSLMRS).  *See* 5 U.S.C. §§ 7101-7135.  The FSLMRS grants federal employees the right to organize and bargain collectively.  *Id.* §§ 7102(2), 7106, 7114.  The statute further provides that the President may issue an order "excluding any agency or subdivision thereof from" the statute's coverage if the President makes certain determinations.  *Id.* § 7103(b)(1).  In March 2025, President Trump exercised this authority by issuing Executive Order 14,251, 90 Fed. Reg. 14,553 (Apr. 3, 2025) (Exclusion Order).  The order excluded various agencies and subdivisions from the coverage of the FSLMRS and the Foreign Service Act.  *Id.*

NTEU and FEA each filed suits challenging the Exclusion Order, contending that the order was *ultra vires* and reflected retaliation in violation of the First Amendment.  The district court (Friedman, J.) entered preliminary injunctions against implementation of the order in each case.  *See NTEU v. Trump*, 780 F. Supp. 3d 237 (D.D.C. 2025); *FEA v. Trump*, 795 F. Supp. 3d 74 (D.D.C. 2025).  The government appealed both preliminary injunctions, and this Court granted a stay in *NTEU* but not in *FEA*.  *See NTEU v. Trump*, No. 25-5157, 2025 WL 1441563 (D.C. Cir. May 16, 2025) (per curiam); *FEA v. Trump*, No. 25-5303, 2025 WL 2738626 (D.C. Cir. Sept. 25, 2025) (per curiam).  The Court denied NTEU's

2

motion for reconsideration en banc.  *See* Order, *NTEU v. Trump*, No. 25-5157 (D.C. Cir. July 16, 2025) (en banc) (per curiam).

This Court heard argument together in *NTEU*, *FEA*, and a similar appeal in *AFSA* on December 15, 2025.  *AFSA* differs from the other two cases in that it concerns the Exclusion Order's exclusion of subdivisions of the State Department and U.S. Agency for International Development under analogous provisions of the Foreign Service Act, rather than under the FSLMRS.  This Court has not yet issued a decision in any of these cases.

2.    This case, like *NTEU* and *FEA*, is an appeal from a preliminary injunction entered by Judge Friedman against the implementation of an exclusion order under the FSLMRS.  Plaintiffs are unions who represent employees of the United States Agency for Global Media (USAGM) and Voice of America.  *See* Complaint 2, *American Federation of State, County and Municipal Employees, AFL-CIO v. Trump*, No. 1:25-cv-3306 (D.D.C. Sept. 19, 2025) (*AFCSME*). Plaintiffs challenge Executive Order 14,343, which excluded additional agencies and subdivisions, including USAGM, from the coverage of the FSLMRS in August 2025.  *See* 90 Fed. Reg. 42683 (Sept. 3, 2025) (Further Exclusion Order).  As in *NTEU* and *FEA*, plaintiffs claim that the Further Exclusion Order is *ultra vires* and violates the First Amendment.  *See id.* at 33-37.  Plaintiffs also assert Fifth

Amendment claims that the district court did not reach. *See id.* at 37-39; Attachment, at 48 (Transcript).

Judge Friedman did not issue a written opinion but explained his reasoning orally from the bench. *See* Transcript 46. The court's reasoning in large part tracks that in *NTEU* and *FEA* and incorporates portions of those opinions by reference. *See, e.g.*, Transcript 51 ("[E]ssentially for the same reasons that I conclude in [*NTEU*] and [*FEA*], I'm going to grant the preliminary injunctions here."); Transcript 57 (incorporating earlier opinions by reference). The decision differs from that in *NTEU* and *FEA* principally in that Judge Friedman also ruled that plaintiffs were likely to prevail on their First Amendment retaliation claim, an issue the court did not reach in *NTEU* and *FEA*. Transcript 55-56.

3. This Court's decisions in *NTEU* and *FEA* are likely to resolve many of the issues raised in this appeal. Apart from the First Amendment ruling, the preliminary injunctions in all three cases rest on similar reasoning. Although this case concerns the Further Exclusion Order from August 2025 rather than the earlier Exclusion Order from March 2025, the district court reasoned that "the August 28th executive order has to be read in conjunction with the March executive order, the OPM guidance, and the fact sheet from March." Transcript 52. And although the specific agencies and subdivisions involved differ between the cases, Judge

4

Friedman made clear that "the executive order has to be considered as a whole, and I don't carve out the particular agency that's involved." Transcript 50-51.

This Court previously issued an order holding in abeyance the government's appeal in *American Federation of Labor and Congress of Industrial Organizations v. Trump*, No. 25-5436 (D.C. Cir. Mar. 23, 2026) (*AFL-CIO*). Consistent with that order, the government recognizes that holding this appeal in abeyance pending this Court's decisions in *NTEU*, *AFSA*, and *FEA* would promote judicial economy and avoid the need to file briefs that are likely to be at least partially overtaken by this Court's reasoning in those cases. Should this Court order this case as well as *AFL-CIO* to be held in abeyance, such an order would underscore the propriety of issuing the Court's decisions in the already-argued cases as soon as possible to facilitate the timely resolution of all such related matters.

## CONCLUSION

For the reasons discussed above, the government does not oppose this Court holding this appeal in abeyance pending the Court's decisions in *NTEU*, *AFSA*, and *FEA*.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

MELISSA N. PATTERSON

s/ Weili J. Shaw
WEILI J. SHAW
JOSHUA M. KOPPEL
BENJAMIN T. TAKEMOTO
  *(202) 514-1371*
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C.  20530*

APRIL 2026

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit specified in this Court's order of March 24, 2026, because it contains 975 words, according to the count of Microsoft Word.

s/ Weili J. Shaw
WEILI J. SHAW